**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CALVIN ANTHONY CHANDLER,
DOC # 400181,**

      **Plaintiff,**

**vs.**                     **Case No. 4:21cv155-WS-MAF**

**SERGEANT A. VANSUCH, and
CAPTAIN NATHAN STRAWN,**

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

The pro se Plaintiff filed an amended complaint, ECF No. 11, in late July 2021.  Service was directed, ECF Nos. 14 and 18, and Defendants filed a motion to dismiss on November 30, 2021.  ECF No. 23.  Plaintiff filed a response in opposition to the motion in mid-January 2022, ECF No. 30, and the motion is ready for a ruling.

**Allegations of the amended complaint, ECF No. 11**

Plaintiff was confined at the Wakulla Correctional Institution Annex on the evening of April 28, 2018.  ECF No. 11 at 5.  He alleges that around 8:00 p.m., Defendants Strawn and Vansuch and several other officers

responded to a call for assistance.  *Id.*  Plaintiff said that he was vomiting

and "unresponding" when they arrived.  *Id.*  Plaintiff alleges that the

Defendants asked what was going on, and Plaintiff told the Defendants that

he was experiencing problems resulting from a prior incident when he was

shot in the stomach.  *Id.*  Plaintiff alleged he said that he sometimes had

"constipation, chest pains, and" vomits from an infection.  *Id.*  Defendant

Strawn told Plaintiff to "turn around and cuff up."  *Id.*  After Defendant

Vansuch put Plaintiff in restraints, Defendant Strawn said, "get him."  *Id.*

Defendant Vansuch then "slammed" Plaintiff to the ground and put his knee

on the back of Plaintiff's neck, telling him "don't move."  *Id.*  Plaintiff then

was placed in leg shackles and told to stand up.  *Id.*  When Plaintiff said he

could not stand because the shackles were too tight, Defendant Vansuch

and another unknown officer "snatched" Plaintiff up and drug him down the

stairs to a holding cell.  *Id.* at 5-6.  Defendant Vansuch refused to loosen

the handcuffs or leg shackles and left Plaintiff in the holding cell in full

restraints for approximately four hours.  *Id.* at 6.  Plaintiff said that both

Defendants denied him "the proper medical attention" for eleven days.  *Id.*

Plaintiff claimed that the Defendants violated his Eighth Amendment

right to be free from cruel and unusual punishment and to be provided

adequate medical care.  *Id.* at 7.  As relief, he seeks compensatory and punitive damages.  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); *see also* Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir.

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

2019).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations.  As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

## Analysis

## A.   Eleventh Amendment Immunity

Defendants point out that Plaintiff's complaint did not specify whether he named the Defendants in their individual capacity, official capacity, or both.  ECF No. 23 at 5.  To the extent that the claims are brought against

the Defendants in their official capacities, Defendants assert that the claims are barred by the Eleventh Amendment. *Id.* at 5-6.

The complaint form used in this Court for prisoner civil rights actions provides a box underneath the name of each Defendant listed in the action in which the Plaintiff can check whether the Defendant is sued in individual capacity or sued in official capacity. *See* ECF No. 11 at 3. When Plaintiff filed his amended complaint, he did not check either box.[2] Thus, Plaintiff did not clarify whether he was suing the Defendants in their individual or official capacities, or both. ECF No. 11. Moreover, Plaintiff did not address this argument when responding to the motion to dismiss. ECF No. 30.

Nevertheless, in <u>Young Apartments, Inc. v. Town of Jupiter</u>, 529 F.3d 1027, 1046-48 (11th Cir. 2008), the Eleventh Circuit Court of Appeals explained that "[w]hen it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." <u>Young Apartments</u>, 529 F.3d at 1047 (quoting <u>Jackson v. Georgia Dep't of Trans.</u>, 16 F.3d 1573, 1575 (11th Cir. 1994)). "However, plaintiffs are not required to designate with specific words in the

---

[2] Although Plaintiff's initial complaint clearly stated that the Defendants were sued in their official capacities only, *see* ECF No. 1 at 2-3, the amended complaint takes the place of the original complaint.

pleadings that they are bringing a claim against defendants in their individual or official capacities, or both." 529 F.3d at 1047 (citing Hobbs v. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993)). "Thus, while it is 'clearly preferable' that a plaintiff state explicitly in what capacity defendants are being sued, 'failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice.'" Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001) (quoted in Young Apartments, 529 F.3d at 1047); see also Harris v. Ostrout, 65 F.3d 912, 915 (11th Cir. 1995)(noting that a pro se complaint is construed "more liberally than ... the complaint of a represented party").

Here, Plaintiff's amended complaint seeks "compensatory and punitive damages" from each Defendant. ECF No. 11 at 7. "[P]unitive damages are only available from government officials when they are sued in their individual capacities." Young Apartments, 529 F.3d at 1047 (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)). Additionally, as will be discussed below, Defendants have raised qualified immunity as a defense in this case. Such a defense indicates Defendants were aware of the potential for their individual liability. Young Apartments, 529 F.3d at 1047 (citing Moore, 272

F.3d at 772, n.1).  In this light, Defendants are deemed to be sued in their individual capacities.

If Plaintiff intended to also sue Defendants in their official capacities, any such claim must be dismissed because the "Eleventh Amendment bars a damages action against a State in federal court."  Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 3107, 87 L. Ed. 2d 114 (1985); see also Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). That immunity also bars claims against "State officials [who] are sued for damages in their official capacity."  Kentucky, 473 U.S. at 169, 105 S. Ct. at 3107; see also Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).  "That is so because . . . 'a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents.'"  473 U.S. at 169, 105 S. Ct. at 3107.  The motion to dismiss the official capacity claims, to the degree Plaintiff intended to sue the Defendants in that capacity, should be granted.[3]

---

[3]  Although Eleventh Amendment immunity may be waived, Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999), none of the circumstances are present in this case to find an exception to Eleventh Amendment immunity.  Congress did not do so when enacting § 1983, see Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979), and Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its immunity and consent to suit in federal court under §

**B.   Physical Injury**

Defendants also contend that Plaintiff's claims for any compensatory damages must be dismissed pursuant to 42 U.S.C. § 1997e(e).  ECF No. 23 at 6-8.  Defendants argue that because Plaintiff's amended complaint does not present allegations of physical injury, it is insufficient.  *Id.* Furthermore, Defendants argue that "Plaintiff's description of being 'slammed' is inconsistent with allegations" that he was found in his cell vomiting and unresponsive.  *Id.* at 8.

As noted above, a complaint's factual allegations must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.  Rule 12(b) does not permit the dismissal of a complaint "based on a judge's disbelief of a complaint's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989).  Contrary to Defendants' argument, the Court does not find Plaintiff's allegations to be inconsistent.

---

1983.  Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1520 (11th Cir. 1986).  The only other exception is through Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908).  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court).  That exception does not apply either because Plaintiff does not allege an ongoing violation of federal law and he does not seek relief "properly characterized as prospective."  Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 255, 131 S. Ct. 1632, 1639, 179 L.Ed. 2d 675 (2011).

Case No. 4:21cv155-WS-MAF

First, Plaintiff alleged he was "unresponding" - which may be the same as unresponsive - but it is not necessarily so.  Plaintiff's use of that term could mean that he was unable to respond appropriately to questions, not just that he was lying on the ground or his bunk and was "unresponsive."  Plaintiff's word choice was "unresponding."  ECF No. 11 at 5.

Second, Plaintiff alleged that after Defendants arrived, they spoke to him, asking if everything was okay, and Plaintiff responded.  *Id.*  For the Defendants to be able to communicate with him, Plaintiff was no longer unable to respond.  Defendants then told him to "turn around and cuff up" which Plaintiff said he did.  *Id.*  That suggests that Plaintiff was standing.[4] After being placed in handcuffs, Plaintiff alleged that Defendant Strawn told Defendant Vansuch to "get him."  *Id.*  Plaintiff was then "slammed" to the ground, placed in tight leg shackles, and dragged down the stairs.  *Id.*  In context, and as events unfolded, the allegations are plausible and not inconsistent with the allegation that Defendants were called to the cell because Plaintiff was "vomiting and unresponding."

---

[4] If the Defendant had said, "turn over" instead, it would suggest Plaintiff was lying down.  "Turn around" indicates Plaintiff was standing.

It is true, as Defendants have argued, that Plaintiff did not specifically allege a physical injury from that incident in the amended complaint, or in response to the motion to dismiss.  Plaintiff merely alleged facts in support of his claim that unnecessary force was used on him, and in response to the motion to dismiss, Plaintiff only argued that Defendants used force "for no other reason but to maliciously and sadistically cause" pain.  ECF No. 30 at 4.  He claimed that "no reasonable jury would conclude that the use of force in this case was reasonable," *id.* at 5, but he did not provide any information on the type of injury he experienced.

Essentially, Defendants' argument requires the Court to determine what facts must be presented in a complaint to survive a Rule 12(b) motion to dismiss.  Defendants contend that an explicit statement of injury must be included in the complaint to support a prisoner's request for monetary damages.

Plaintiff's amended complaint specifically requested two kinds of damages: compensatory and punitive.  ECF No. 11 at 7.  Because Plaintiff is a prisoner, a specific federal statute is applicable to that request:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e) (quoted in Hoever v. Marks, 993 F.3d 1353, 1357

(11th Cir. 2021)).  "Subsection 1997e(e) does not limit a prisoner's ability to

bring constitutional claims in the absence of a physical injury; it instead

limits the damages that may be awarded in those circumstances."

Thompson v. Smith, 805 F. App'x 893, 900 (11th Cir. 2020).

The statute also "does not prohibit all requests for damages, only

those brought 'for mental or emotional injury ... without a prior showing of

physical injury.'"  Hoever, 993 F.3d at 1358.  Moreover, the statute "does

not bar punitive damages[5] in the absence of physical injury" because that

category of damages does not compensate a plaintiff for injuries suffered.

993 F.3d at 1358–59 (citing Memphis Cmty. Sch. Dist. v. Stachura, 477

U.S. 299, 306 & n.9, 106 S. Ct. 2537, 2542 & n.9, 91 L. Ed. 2d 249 (1986)).

The purpose of punitive damages "is to punish the defendant for his willful

or malicious conduct and to deter others from similar behavior."  Hoever,

---

[5] Punitive damages may be assessed by a jury in a § 1983 cause of action.  Smith v. Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983) (holding "that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

993 F.3d at 1359 (quoting <u>Memphis Cmty. Sch. Dist.</u>, 477 U.S. at 306, n.9, 106 S. Ct. at 2542, n.9).  In addition, § 1997e(e) does not bar "nominal damages because a 'nominal damages claim is not brought for mental or emotional injury.'"  <u>Brooks v. Warden</u>, 800 F.3d 1295, 1308 (11th Cir. 2015) (quoted in <u>Hoever</u>, 993 F.3d at 1361).

To be entitled to more than nominal damages, a prisoner "must show that he suffered a "physical injury," but such injury may be temporary and "more than 'de minimis,' although it 'need not be significant.'"  <u>Thompson</u>, 805 F. App'x at 900-01 (reversing grant of summary judgment to defendants, vacating award of nominal damages, and remanding for "a new trial on the issue of whether Mr. Thompson suffered greater than a de minimis physical injury when he was pepper sprayed, as well as the issue of his damages").  In general, a plaintiff is not called upon to "show" the evidence in support of his claim until the summary judgment stage of litigation.  Rule 56 directs the court to "grant summary judgment if the movant <u>shows</u> that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  However, Rule 8 - which states the general rules of pleading - requires only that a complaint provide "a short and plain

statement of the claim showing that the pleader is entitled to relief" and

present "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  There is no

requirement that a plaintiff allege facts to support the demand for relief.

Indeed, there is not even a requirement for an employment discrimination

complaint to "contain specific facts establishing a prima facie case of

discrimination;" it need only contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Swierkiewicz, 534 U.S.

at 508, 122 S. Ct. at 995 (citing to Rule 8(a)).  Determining what kind of

relief a plaintiff is entitled to comes later; determining whether a plaintiff is

entitled to any relief is appropriately decided on a motion to dismiss.  Thus,

a determination of the sufficiency of a pro se prisoner-plaintiff's complaint in

alleging injury to support an award of compensatory damages is more

appropriately accomplished at the summary judgment stage of litigation.

See Pierre v. Padgett, 808 F. App'x 838, 844 (11th Cir. 2020) (affirming

summary judgment ruling that plaintiff failed to establish a "physical injury"

under the PLRA and could not recover compensatory or punitive

damages); Thompson, 805 F. App'x at 901 (noting that it is the "context of

a summary judgment motion" that the prisoner's injuries would be

considered to determine if they amounted "to a greater than de minimis

physical injury").  Doing so is both more efficient and more appropriate in light of the fact that Defendants do not seriously argue that Plaintiff has failed to state an Eighth Amendment claim; rather, they seek dismissal of the request for compensatory damages.  ECF No. 23 at 6-8.[6]

A claim that a prison official unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause. The "core judicial inquiry" for this claim uses the standard set forth in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) (quoting Whitley, at 320-21, 106 S. Ct. at 1085).  What "ultimately counts" in analyzing an Eighth Amendment claim is the force used, not the injury sustained.  Sconiers v. Lockhart, 946 F.3d 1256, 1267

---

[6] At the end of the section of the motion to dismiss which seeks dismissal of the damages claim under § 1997e(e), Defendants state: "therefore, the Court should dismiss the excessive force claims in their entirety, or in the alternative, dismiss the compensatory damages claims and permit the remaining claims to proceed."  ECF No. 23 at 8.  However, Defendants have not primarily argued that the complaint fails to state an Eighth Amendment claim for the use of force.  At one point, Defendants stated that "the use of 'tight' restraints fails to allege an Eighth Amendment claim."  *Id.* at 7.  While that may be true, Plaintiff alleged more than tight restraints in this case.  ECF No. 11.

(11th Cir. 2020) (quoting <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)).  "[T]he Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'"  <u>Wilkins</u>, 559 U.S. at 37, 130 S.Ct. 1175 (quoted in <u>Sconiers</u>, 946 F.3d at 1266).

Plaintiff's amended complaint alleged that while he was in handcuffs, he was "slammed" to the ground, placed in leg shackles, and then dragged down the stairs.  He further claimed the shackles were too tight.  That is sufficient to state an Eighth Amendment claim for an unnecessary and excessive use of force.  *See* <u>Sears v. Warden Okeechobee Corr. Inst.</u>, 762 F. App'x 910, 917 (11th Cir. 2019) (finding evidence that officers dragged inmate "for approximately 65 meters over a period of 23 minutes" after "using a modified take-down technique" and then tightened inmate's handcuffs "could amount to a constitutional violation even if [prisoner] did not suffer significant injury as a result"); <u>Spikes v. Butts</u>, No. 5:08-CV-131HL, 2008 WL 5381966, at *2 (M.D. Ga. Dec. 23, 2008) (stating that "[p]icking up a handcuffed prisoner and slamming him into the floor face

first, without any need to use such force, is a violation of the Eighth

Amendment").  Although Plaintiff did not specifically allege facts which

explained how he was injured, he did claim that Defendants denied him

"the proper medical attention that was needed for 11 days."  ECF No. 11 at

6.  The implication is that Plaintiff was injured in some manner and needed

medical care.  Construed liberally, the pro se Plaintiff's amended complaint

put Defendants on notice that he suffered injury from the force used on him

and he was denied medical care for that injury.  At this stage of the

litigation, the motion to dismiss the request for compensatory damages

should be denied.

To be clear, Plaintiff will ultimately have to demonstrate physical

injury to be awarded compensatory damages and to survive summary

judgment.  Plaintiff should have the opportunity to pursue discovery and

obtain evidence in support of this claim.  If he does not, the claim will not

survive summary judgment.  However, construing the complaint in liberal

fashion as must be done for a pro se prisoner, Plaintiff has sufficiently

indicated he suffered some physical injury and needed medical care.  The

motion to dismiss on the basis of lack of physical injury under § 1997e(e)

should be denied.

**C.    Deliberate Indifference**

Defendants contend that Plaintiff's amended complaint does not state a claim for deliberate indifference.  ECF No. 23 at 9-11.  Plaintiff responds to the motion by asserting the standard for such a claim, *see* ECF No. 30 at 4, but he does not point to the facts of his complaint which meet that standard.

The Eighth Amendment guarantees that prisoners will not be deprived of basic human necessities such as food, clothing, shelter, and medical care.  Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991).  If a prison official is deliberately indifferent to a prisoner's serious medical needs, the official violates the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

To state an Eighth Amendment claim for deliberate indifference, "the complaint must have alleged the following elements: (1) a serious medical need; (2) defendants' deliberate indifference to that need; and (3) a causal link between the defendants' indifference and Foster's resulting injury."  Foster v. Maloney, 785 F. App'x 810, 815 (11th Cir. 2019).  The complaint "must allege facts that satisfy both an objective and a subjective

requirement."  Granda v. Schulman, 372 F. App'x 79, 82 (11th Cir. 2010).

"The plaintiff must allege an 'objectively serious deprivation' of medical

care, which requires (1) 'an objectively serious medical need ... that, if left

unattended, pos[es] a substantial risk of serious harm,' and (2) that the

state actor's response 'was poor enough to constitute an unnecessary and

wanton infliction of pain, and not merely accidental inadequacy,

negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice

actionable under state law.'"  Granda, 372 F. App'x at 82 (quoting Taylor v.

Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)).  In addition to alleging the

complete denial of medical care, delay in providing necessary medical care

to a prisoner also violates the Eighth Amendment.  Harris v. Coweta Cnty.,

21 F.3d 388, 393 (11th Cir. 1994); Granda, 372 F. App'x at 83.  A serious

medical need is "one that has been diagnosed by a physician as mandating

treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention."  Farrow v. West, 320 F.3d

1235, 1243 (11th Cir. 2003) (citation and quotations omitted).

Here, Plaintiff has alleged an Eighth Amendment claim for the denial

of medical care in conclusory fashion only.  The entire claim is presented in

one sentence - that the Defendants "denied [Plaintiff] the proper medical

attention that was needed for 11 days." ECF No. 11 at 6. That does not

explain Plaintiff's medical need, detail symptoms Plaintiff was experiencing,

or reveal that either Defendant was aware of medical need that required

attention. Plaintiff makes only a vague and conclusory assertion that he

was denied medical attention, but he does not explain what he told the

Defendants, when he requested medical care, whether any injuries were

visible, or otherwise support his Eighth Amendment claim with factual

allegations. "A complaint is plausible on its face when the plaintiff pleads

factual content necessary for the court to draw the reasonable inference

the defendant is liable for the conduct alleged." Taylor v. Fla. Highway

Safety, 816 F. App'x 372, 373-74 (11th Cir. 2020) (citing to Iqbal, 556 U.S.

at 678, 129 S. Ct. 1937). "A complaint is insufficient if it offers mere labels

and conclusions or a formulaic recitation of the elements of a cause of

action." Taylor, 816 F. App'x at 374 (citing Iqbal). Plaintiff's complaint is

insufficient and the motion to dismiss this claim should be granted.

### D.    Qualified Immunity

Defendants assert they are entitled to "qualified immunity for the

events up to an including the Plaintiff's placement in the holding cell." ECF

No. 23 at 13. Although the basis for this defense could have been more

clear, it is presumed that Defendants seek qualified immunity as to the use of force claim.

"Qualified immunity shields government officials sued in their individual capacities from liability against a plaintiff's § 1983 claims if the officials' conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Grider v. City of Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010) (quoted in McNeeley v. Wilson, 649 F. App'x 717, 720-21 (11th Cir. 2016)).  Qualified immunity claims are resolved under a two-step sequence: whether the facts as reviewed make out a violation of a constitutional right, and if so, whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 815-16 (2009).  If a "public official proves 'that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred,'" Grider, 618 F.3d at 1254, n.19 (quoting Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)), the next step is to determine: (1) "whether the plaintiff's allegations, if true, establish a constitutional violation"; and (2) "whether the right violated was 'clearly established.'"  Grider, 618 F.3d at 1254 (quoted in McNeeley, 649 F. App'x

at 721).  "That right may be established by 'specific statutory or

constitutional provisions; principles of law enunciated in relevant decisions;

and factually similar cases already decided by state and federal courts in

the relevant jurisdiction.'"  <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1330 (11th

Cir. 2007) (quoted in <u>McNeeley</u>, 649 F. App'x at 721).

Defendants contend that they were acting within their discretionary

authority when they went to Plaintiff's cell.  They assert that "care and

control is a primary job responsibility for the Defendants, who upon seeing

an unresponsive Plaintiff, placed restraints and escorted him to a holding

cell."  ECF No. 23 at 12.  Accepting that assertion, the Court concludes

that, if true, Plaintiff's allegations establish a constitutional violation.

It is a well established principle of constitutional law that using force

on an inmate "maliciously and sadistically for the very purpose of causing

harm" violates the Constitution.  <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311

(11th Cir. 2007).  It has been clearly established for over thirty years that a

use of force is permissible when "applied in a good faith effort to maintain

or restore discipline" but it is not permissible when force is applied

"maliciously and sadistically" to cause harm.  <u>Whitley v. Albers</u>, 475 U.S.

312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (cited in

Cockrell, 510 F.3d at 1311).  An official's gratuitous use of force violates

the Constitution, even if the prisoner "has the good fortune to escape

without serious injury."  Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S. Ct. 1175,

1178-79, 175 L. Ed. 2d 995 (2010) (officer slammed inmate onto the

concrete floor, "then proceeded to punch, kick, knee and choke" him until

another officer physically removed him from the inmate).  "The law of

excessive force in this country is that a prisoner cannot be subjected to

gratuitous or disproportionate force that has no object but to inflict pain."

Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) (citing to

Whitley).  "Slamming the head of a handcuffed, subdued arrestee against

the trunk of a car is objectively unreasonable and clearly unlawful."  Lee v.

Ferraro, 284 F.3d 1188, 1200 (11th Cir. 2002).  Because there is no

indication that any force was necessary, the motion to dismiss based on

qualified immunity should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF

No. 23, be **GRANTED in part and DENIED in part**.  Plaintiff's Eighth

Amendment claim for deliberate indifference to his medical needs, ECF No.

11, should be **DISMISSED** for failure to state a claim, but the motion to

dismiss should otherwise be **DENIED** as to the excessive force claim which should proceed against the Defendants in their individual capacities only.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings and Defendants be required to file an answer within ten days of entry of an Order adopting this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on April 6, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**