# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CALVIN ANTHONY CHANDLER,**
**DOC # 400181,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　Case No. 4:21cv155-WS-MAF

**SERGEANT A. VANSUCH, and**
**CAPTAIN NATHAN STRAWN,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION[1]

The pro se Plaintiff filed an amended complaint, ECF No. 11, in late July 2021. Defendants filed a motion to dismiss, ECF No. 23, Plaintiff's amended complaint, ECF No. 11, which was granted in part. ECF No. 38. Thereafter, the parties were provided an opportunity to conduct discovery. ECF No. 47. Defendants then filed a motion fo summary judgment. ECF

---

[1] The first Report and Recommendation entered in this case, ECF No. 34, recommended granting Defendants' motion to dismiss, ECF No. 23, in part and denying it in part. The Report and Recommendation was adopted, ECF No. 38, and Plaintiff's Eighth Amendment claim for deliberate indifference was dismissed, as well as claims presented against the Defendants in their official capacities. This case proceeds on Plaintiff's Eighth Amendment claim against the Defendants in their individual capacities for the use of excessive force. ECF No. 38.

No. 54. Plaintiff filed a response in opposition to the motion, ECF No. 55, prior to issuance of an Order providing him with guidance as to his burden in responding. Thus, an Order was entered in compliance with Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), providing Plaintiff with an opportunity to file an amended response if he desired to do so. ECF No. 56. Plaintiff did not file an amended response, and the summary judgment motion is ready for a ruling.

**Motion for Summary Judgment, ECF No. 54**

Defendants contend "there is no genuine issue as to any material fact" and assert they are "entitled to a judgment as a matter of law." ECF No. 54 at 1. Defendants assert that they will demonstrate in their motion that excessive force was not used, and Plaintiff's constitutional rights were not violated. *Id.* at 2.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must then show[2] the court "that there is an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S. Ct. at 2554.

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). A party must show more than the existence

---

[2] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., LTD. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)).

"Summary judgment is not a time for fact-finding; that task is reserved for trial." Sconiers v. Lockhart, 946 F.3d 1256, 1263 (11th Cir. 2020) (citing Tolan v. Cotton, 572 U.S. 650, 655-57, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014)).  Specific facts pled in a sworn complaint and supported by record evidence must be credited to the Plaintiff, and all reasonable inferences must be resolved in the light most favorable to the nonmoving party. Sconiers, 946 F.3d at 1262-63.  However, "when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible." 946 F.3d at 1263.  On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec.

Indus. Co., 475 U.S. at 587 (internal quotation marks omitted) (quoted in Ricci v. DeStefano, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009)).  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (quoted in Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019)).

**Rule 56 Evidence**

Plaintiff was confined at the Wakulla Correctional Institution Annex on April 28, 2018.  ECF No. 11 at 5.[3]  Defendant Strawn was employed at the Annex as a Correctional Captain.  Ex. A at 1 [ECF No. 54-1].  Defendant Strawn was the shift supervisor on that day and was present in J-Dormitory when he observed the Plaintiff in cell J4-201L.  Ex. A at 2.  Plaintiff "was unsteady, incoherent, covered in vomit with blood-shot eyes and dilated pupils, and unable to follow basic orders." Id.  Defendant Strawn wrote

---

[3] Plaintiff's amended complaint was sworn under penalty of perjury.  ECF No. 11 at 11-12.  Thus, the allegations presented therein may be appropriately considered as evidence when ruling on summary judgment.  Sears v. Roberts, 922 F.3d 1199, 1206 (11th Cir. 2019); Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014) (cited in Sanchez v. Sanchez, No. 5:10cv288-RH/EMT, 2015 WL 5016842, at *1 (N.D. Fla. Aug. 24, 2015)).

Plaintiff a disciplinary report for the use of unauthorized drugs. *Id.* Strawn states that at "no time was force used" on the Plaintiff. *Id.* No incident report was completed because it was a "routine response." *Id.* No other documentation was submitted because no force was used. *Id.* Defendant Strawn submitted a declaration in which he denies using any force on Plaintiff, and denies seeing Defendant Vansuch use force as well. *Id.* at 1-2.

Defendant Vansuch also submitted a declaration in support of the summary judgment motion. ECF No. 54, Ex. B [ECF No. 54-2]. He was working at the Annex on April 28, 2018, employed as a Sergeant. *Id.* at 2. Defendant Vansuch does not "recall the specifics of the incident on" April 28th, but he states that he "did not use force against inmate Calvin Chandler on that date." *Id.* He further states that had force been used, "it would have been properly documented." *Id.* He also advises that the lack of a use of force report "indicates that no force was used . . . ." *Id.*

Plaintiff submitted his own declaration in opposition to the summary judgment motion. ECF No. 55 at 9-10. Plaintiff admits that he was housed in J-Dormitory, quad 4, cell 201. *Id.* at 9. He admits that he "was observed vomitting [sic] and not responding" by both Defendants. *Id.* at 10.

Defendant Strawn asked Plaintiff if he was alright, and Plaintiff said he told both Defendants that he "had been shot in the stomach" (apparently at a prior time) and had "problems." ECF No. 55 at 10. Defendant Strawn said that "if everything's alright, turn around and cuff up." *Id.* Plaintiff turned around to be cuffed by Defendant Vansuch, and said he was "slammed" to the ground. *Id.* He said Defendant Vansuch put his knee on the back of Plaintiff's neck, telling him "don't move." *Id.*

Plaintiff then was placed "tightly" in leg shackles and then lifted up off the floor by Defendant Vansuch. *Id.* Plaintiff said he could not walk because the shackles were too tight, so he was "dragged down the stairs and placed in a holding cell for approximately 4 to 4½ hours with the handcuffs and shackles left tightly on" him. *Id.* Plaintiff asked Defendant Vansuch at some point to loosen his restraints, but his request was denied. *Id.* Plaintiff said he was "also denied" medical care for approximately eleven days.[4] *Id.* Plaintiff further declares that contrary to Defendants' declarations, he did not "resist or threaten to harm anyone in any fashion or

---

[4] Plaintiff's claim for the denial of medical care has been dismissed from this case. *See* ECF No. 38.

break any institutional rules" and was not "under the influence of any unauthorized drugs." Id.

**Analysis**

The Eighth Amendment forbids cruel and unusual punishment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). A claim that a prison official unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause. The "core judicial inquiry" for this claim uses the standard set forth in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) (quoting Whitley, at 320-21, 106 S. Ct. at 1085); see also Sconiers, 946 F.3d at 1265 and 1267 (noting that the core inquiry is "the nature of the force - specifically, whether it was nontrivial and was applied maliciously and sadistically to cause harm").

Analysis of an Eighth Amendment claim focuses on the force used, not the injury sustained, as that is what "ultimately counts." Sconiers v. Lockhart, 946 F.3d 1256, 1267 (11th Cir. 2020) (quoting Wilkins v. Gaddy,

Case No. 4:21cv155-WS-MAF

559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)).  "[T]he Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'"  Wilkins, 559 U.S. at 37, 130 S.Ct. 1175 (quoted in Sconiers, 946 F.3d at 1266).

Demonstrating an excessive use of force "requires a prisoner to establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'"  Sconiers, 946 F.3d at 1265 (quoting Hudson, 503 U.S. at 8).  To meet the subjective element, a prisoner must show that the excessive force was "sadistically and maliciously applied for the very purpose of causing harm."  946 F.3d at 1265 (quoting Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)); *see also* Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).  The objective component "focuses on whether the official's actions were 'harmful enough,' Hudson, 503 U.S. at 8, 112 S. Ct. 995, or 'sufficiently serious,' Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), to violate the

Constitution." 946 F.3d at 1265. However, not "every malevolent touch by a prison guard gives rise to a" civil rights claim. 503 U.S. at 9, 112 S. Ct. 995 (quoted in Wilkins, 559 U.S. at 37, 130 S. Ct. at 1178). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." 559 U.S. at 38, 130 S. Ct. at 1178 (citations omitted); *see also* Reid v. Sec'y, FL Dept of Corr., 486 F. App'x 848, 851 (11th Cir. 2012) *(*explaining that "the seriousness of any injury could be a factor in determining if an officer used excessive force").

    Here, review of the summary judgment motion reveals that there are conflicting declarations as to what occurred. Accepting Plaintiff's evidence as true, he has shown that some force was used against him. Plaintiff's evidence is that he was "slammed" to the ground when placed in cuffs. Even so, Plaintiff provided no evidence to show that he suffered any harm from that force. Plaintiff has not provided evidence of any injury. He has not shown a broken bone, a sprain, a cut, or a bruise. The lack of any evidence of injury shows that the force used on him was minimal and harmless. Thus, while Plaintiff has shown that force was used, he has not demonstrated that the force was excessive - the hallmark of an "excessive

force" claim. Indeed, slamming one to the ground to be placed in cuffs is not force that offends "contemporary standards of decency;" it is rather common place these days.

In denying the motion to dismiss, it was pointed out that Plaintiff would "ultimately have to demonstrate some physical injury to be awarded compensatory damages and to survive summary judgment." ECF No. 34 at 17. Plaintiff was on notice of his obligation to do so, but he has presented no evidence of injury. He has not met his burden under <u>Celotex</u> to show an element essential to his case. In light thereof, Defendants' summary judgment motion should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' summary judgment motion, ECF No. 54, be **GRANTED** and judgment be entered in Defendants' favor.

**IN CHAMBERS** at Tallahassee, Florida, on June 12, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.